## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL L. BOYD**                                                                        **PLAINTIFF**
**ADC #115890**

**V.**                              **NO. 2:23-cv-00228-BSM-ERE**

**DEXTER PAYNE,** *et al.*                                                      **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S.

Miller. You may file written objections to all or part of this Recommendation.  Any

objections filed must: (1) specifically explain the factual and/or legal basis for the

objection; and (2) be received by the Clerk of this Court within fourteen (14) days

of the date of this Recommendation. If you do not object, you risk waiving the right

to appeal questions of fact and Judge Miller can adopt this Recommendation without

independently reviewing the record.

**II.**     **Background:**

*Pro se* plaintiff Michael L. Boyd, an Arkansas Division of Correction

("ADC") inmate housed at the East Arkansas Regional Unit ("EARU"), filed this

civil rights lawsuit under 42 U.S.C. § 1983. *Doc.2*. He sues ADC Director Dexter

Payne, EARU Warden Jackson, Captain Tiffany M. Williams, and Mail Room

Supervisor Southern in both their individual and official capacity seeking monetary

damages. Mr. Boyd alleges that Defendants have retaliated against him for filing previous federal civil rights lawsuits.

For the reasons explained below, Mr. Boyd's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

## III.   Discussion:

### A.   Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Boyd has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the

facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.    Mr. Boyd's Complaint

Mr. Boyd's complaint conclusively alleges that Defendants retaliated against him for exercising his First Amendment right to file a federal lawsuit against ADC officials. He claims that: (1) Defendant Williams issued him a false disciplinary after she concluded that mail allegedly sent from the United States Supreme Court to Mr. Boyd tested positive for methamphetamine;[1] and (2) Defendant Southern wrongfully opened mail from the law offices of Bobby Golden outside of his presence.[2] Mr. Boyd also alleges that Defendants Payne and Jackson were aware of this "misconduct," but failed to take any action. *Doc. 2 at 9.*

---

[1] Mr. Boyd also complains that Defendant Williams tested these documents outside of his presence and failed to send them to an outside lab for testing in violation of ADC policy. To the extent that Mr. Boyd alleges that Defendant Williams violated his constitutional rights by failing to follow ADC policy, this claim fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

[2] An inmate's privileged mail—mail to or from an inmate's attorney—may not be opened for inspection outside the presence of the inmate. *Wolff v. McDonnell*, 418 U.S. 539, 574, 576-77 (1974). See also *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). However, "the mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985). Even if the Court determined that the mail at issue was constitutionally protected, Mr. Boyd's allegation that Defendant Southern opened legal mail on one occasion does not support a constitutional claim for relief. See *Gardner v. Howard*, 109 F.3d 427, 430-41 (8th Cir. 1997) (an "isolated incident, without any evidence of improper motive or resulting interference with [the inmates] right to counsel or access to the courts, does not give rise to a constitutional violation.").

## C.    Official Capacity Claims

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Boyd's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

## D.    Retaliation Claim – Defendants Williams and Southern

To state a retaliation claim, Mr. Boyd must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation

omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Boyd's complaint alleges that Defendants Williams and Southern retaliated against him for exercising his First Amendment right to file a federal lawsuit. See *Boyd v. Bennett, et al.*, E.D. Ark. Case No. 2:23-cv-50-JTK; and *Boyd v. Payne, et al.*, E.D. Ark. Case No. 2:22cv145-BSM-BBM. However, Defendants Williams and Southern are not parties to either of those lawsuits, and Mr. Boyd's complaint fails to explain how either Defendant Williams or Southern were aware of Mr. Boyd's previous lawsuits. Nor does he allege any facts to support his conclusory assertion that the Defendants were motivated by unlawful retaliation.

Mr. Boyd's conclusory, speculative assertions that a causal connection exists between him exercising his right to file a federal lawsuit and the Defendants' alleged retaliatory conduct are insufficient to state a plausible constitutional claim for relief. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

5

### E.    Supervisor Liability

Mr. Boyd appears to seek to hold Defendants Payne and Jackson[3] liable based on their supervisory positions at the ADC. However, a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Mr. Boyd's complaint fails to allege that either Defendant Payne or Jackson personally participated in any alleged unconstitutional conduct or had direct responsibility for any alleged constitutional violation. Accordingly, Mr. Boyd has failed to state a constitutional claim for relief against Defendants Payne and Jackson.

## IV.   <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.    Mr. Boyd's complaint be DISMISSED, without prejudice.

---

[3] Mr. Boyd also alleges that Warden Jackson denied his request for a polygraph examination. However, an inmate does not have a constitutional right to be given a polygraph examination. *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir. 1988).

2.      The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3.      The Clerk is instructed to close this case.

Dated 29 November 2023.


_____

UNITED STATES MAGISTRATE JUDGE